# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVENTISUB LLC, CHATTEM, INC., and SANOFI-AVENTIS US LLC, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 2:24-cv-00257-CCC-JSA |
| v. | ) Hon. Jessica S. Allen |
| CONSENSUS HOLDINGS LLC | ) **JOINT DISCOVERY PLAN** |
| Defendant. | ) |

Plaintiffs Aventisub LLC, Chattem, Inc., and Sanofi-Aventis US LLC (collectively "Sanofi") and defendant Consensus Holdings LLC ("Consensus Holdings"), by and through their respective counsel, submit this Joint Statement pursuant to Federal Rules of Civil Procedure 16 and 26(f) and Local Rule 16.1:

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

    Plaintiffs' Position:

    This case seeks to hold Defendant accountable for infringement and counterfeiting and related unfair competition arising from Defendant's sale of counterfeit Allegra products. Sanofi seeks injunctive and monetary relief for Defendant's willful acts under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as related state law claims arising from Defendants infringing conduct.

    On November 9, 2022, Defendant advertised and sold non-genuine Allegra Product (the "Infringing Product"), to a consumer. Upon receipt, the consumer discovered that the safety foil seal on the Infringing Product was punctured and open. The consumer contacted Sanofi to complain of the issue. Sanofi obtained the Infringing Product and confirmed that the unique batch numbers and expiration dates printed on the exterior carton and bottle did not match. The tablets within the non-conforming packaging were also non-conforming. The Infringing Product tablets were larger in size, differed in shape, and did not have any engravings on them. Analytical testing revealed that the Infringing Product pills were not genuine and did not contain the active ingredient found in genuine Allegra Products.

    In light of the foregoing, Sanofi asserts claims of: (i) federal trademark infringement, in violation of 15 U.S.C. § 1114; (ii) federal trademark counterfeiting, in violation of 15 U.S.C. § 1114; (iii) false designation of origin, in violation of 15 U.S.C. § 1125; and (iv) deceptive trade practices, under N.J.S.A. §§

56:8-1, *et seq.*

Defendant's Position:

This case was filed on January 16, 2024 alleging that Defendant sold counterfeit Allegra products through its Amazon storefront. The allegations stem from an alleged sale made ***in 2022*** to an unidentified consumer. According to Plaintiffs, that consumer complained to Plaintiffs that it received the product at issue ***at that time***, yet Plaintiffs sat on their hands for more than a year a half. Plaintiffs convoluted story is suspect and unsupported.

Defendant is an Amazon seller with a long track record of selling branded products on Amazon.com. In fact, Defendant's storefront maintains 100% positive rating on Amazon. Put simply, Defendant does not believe that the product identified in the Complaint emanated from its inventory. In fact, Plaintiffs own Complaint confirms that the original packaging was opened by the consumer.

Accordingly, Defendant vehemently disputes the allegations in the Complaint and questions Plaintiffs lengthy delay in bringing this action.

2. Have settlement discussions taken place?   Yes   X      No _____

   If so, when?   Settlement discussions are ongoing

   (a) What was plaintiff's last demand?

   (1) Monetary demand: $ Plaintiff is presently unable to make a demand
   (2) Non-monetary demand: Consent order requiring Defendant, and those authorized to act on Defendant's behalf, to abstain from advertising, selling, and distributing Plaintiffs' products without first obtaining express written consent from Plaintiffs. Defendant shall identify source information for any person or company Defendant has purchased Plaintiffs' Products. Defendant shall agree to liquidate damages for future infringement. Defendant shall fully cooperate with the investigation of the source of the counterfeit products.

   (b) What was defendant's last offer?

   (1) Monetary offer:   $   n/a

   (2) Non-monetary offer: Defendants have made various proposals

3. The parties [have_____ -have not___X___] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   Initial disclosures have been drafted and the Parties are prepared to exchange the disclosures soon after the filing of this Joint Report.

4. Describe any discovery conducted other than the above disclosures.

   No discovery has been conducted at this time.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

6. The parties proposed the following:

   (a) Discovery is needed on the following subjects:

   Plaintiffs' Position:

   Documents and information pertaining to Defendant's corporate structure, employees, sales data, profits, advertised products on Amazon.com and elsewhere, use of counterfeit marks, the sale of counterfeit Allegra products, product source(s), communications with the source(s) of the Allegra products sold by Defendant, and consumer complaints.

   Defendant's Position:

   Documents and information relating to the accused product, including the identity of the consumer that submitted the report, Plaintiffs handling of the report and Plaintiffs delay in raising this issue.

   (b) Should discovery be conducted in phases? If so, explain.

   No.

   (c) Number of Interrogatories by each party to each other party: 25

   (d) Number of Depositions to be taken by each party: 3

   (e) Plaintiff's expert report due on October 11, 2024

   (f) Defendant's expert report due on October 11, 2024

    (g)    Motions to Amend or to Add Parties to be filed by <u>  July 19, 2024  </u>

    (h)    Dispositive motions to be served within <u> 21 </u> days of completion of discovery.

    (i)    Factual discovery to be completed by <u>September 15, 2024</u>.

    (j)    Expert discovery to be completed by <u>November 22 2024  </u>.

    (k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

    The Parties will agree on a procedure regarding the disclosure of privileged or protected materials and how to assert these claims after their production, including whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.  The Parties anticipate filing a joint motion for protective order.  The parties anticipate entering into an ESI Protocol.

    (l)    A pretrial conference may take place on <u>  March 5, 2025  </u>

    (m)    Trial by jury or non-jury Trial? <u>   Jury   </u>

    (n)    Trial date: <u> March 19, 2025          </u>.

7. Do you anticipate any discovery problem(s)?  Yes<u>              </u>No <u>   X    </u> If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)?  Yes <u>X                                                                                            </u>No <u>        </u> If so, explain.

Plaintiff anticipates needing customer reviews exported from Defendant's Amazon health account.  These reviews are purged once they are over 365 days old.  Accordingly, these review should be preserved and exported immediately.

Defendant does not understand how customer reviews are relevant to the claims.  Moreover, Plaintiffs claims of urgency do not make sense given that more than a year and half has elapsed since the alleged events.

9. State whether this case is appropriate for voluntary arbitration (pursuant to <u>L. Civ. R.</u> 201.1 or otherwise), mediation (pursuant to <u>L. Civ. R.</u> 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of

      dispositive motions, etc.).
           The parties believe that mediation with a magistrate judge may be helpful in promoting settlement negotiations once certain discovery has been exchanged.

10.     Is this case appropriate for bifurcation? Yes_____ No __X_____

11.     We [do_____ do not__X_____] consent to the trial being conducted by a Magistrate Judge.

Respectfully submitted,

/s/ *Benjamin I. Rubinstein\* (signed with permission)*
Benjamin I. Rubinstein
Benjamin.Rubinstein@klgates.com
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, NJ 07102
P: 973-848-4000
F: 973-848-4001

Morgan T. Nickerson (*admitted pro hac vice*)
morgan.nickerson@klgates.com
K&L Gates LLP
One Congress Street
Suite 2900
Boston, MA 02114
(617) 261-3100
(617) 261-3175

ATTORNEYS FOR PLAINTIFFS


 */s/ Eliezer Lekht*
Eliezer Lekht (330192021)
elekht@tarterkrinsky.com
Tarter, Krinsky, & Drogin LLP
1350 Broadway
New York, NY 10018

ATTORNEYS FOR DEFENDANT